**In re DONNKENNY INC. SECURITIES LITIGATION.**

**No. 96 Civ. 8452 (MGC).**

United States District Court,
S.D. New York.

April 2, 1997.

Wolf Popper Ross Wolf & Jones, L.L.P., New York City by Stephen D. Oestreich, Robert C. Finkel, Michelle F. Raphael, for Plaintiff Emanon Partners, L.P. and Class Members Robert McGann, Adam Bidock, and Joe Lavallee.

Milberg Weiss Bershad Hynes & Lerach, L.L.P., New York City by Patricia M. Hynes, Steven G. Schulman, Kenneth J. Vianale, Aaron W. Tandy, for Plaintiff David R. Royal and Class Members Dorchester Partners, L.P. and Dorchester Offshore Fund.

Weil, Gotshal & Manges, L.L.P., New York City by Dennis J. Block, for Defendant Donnkenny, Inc.

Slotnick, Shapiro & Crocker, L.L.P., New York City by Barry I. Slotnick, Michael Shapiro, Philippa M. Haggar, for Defendant Richard Rubin.

Haftel & Silverman, P.C., New York City by Richard E. Haftel, Peter R. Schlam, for Defendant Edward T. Creevy.

Gentry Locke Rakes & Moore, Roanoke, VA by William R. Rakes, for Defendant Ronald Hollandsworth.

## OPINION

CEDARBAUM, District Judge.

This is a consolidated securities fraud class action pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Nine separate class actions were brought against Donnkenny, Inc., Richard Rubin, Edward T. Creevy, and Ronald Hollandsworth. The nine actions were consolidated on January 31, 1997.

Prior to consolidation, motions for appointment as lead plaintiff were made in accordance with the PSLRA by plaintiffs in four of the original actions: the Emanon Plaintiffs, the Dorchester Plaintiffs, the Arcadia Plaintiffs, and the Donnkenny Plaintiffs. All of these plaintiffs sought to consolidate the various class actions against the defendants and to be appointed as lead plaintiffs.

Prior to oral argument of those motions, the Emanon Plaintiffs and the Dorchester Plaintiffs informed me by letter of January 28, 1997 that counsel for all the moving parties had agreed to propose the Emanon Plaintiffs and Dorchester Plaintiffs as co-lead plaintiffs and the law firms of Wolf Popper Ross Wolf & Jones, LLP and Milberg Weiss Bershad Hynes & Lerach LLP as co-lead counsel. The letter stated that the Arcadia Plaintiffs and Donnkenny Plaintiffs were withdrawing their motions to be lead plaintiffs.

For the reasons discussed below, only Emanon Partners, L.P. is appointed as lead plaintiff.

### Discussion

The Exchange Act was amended by the PSLRA. With respect to the appointment of lead plaintiff, the PSLRA provides that:

> [T]he court ... shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff").

15 U.S.C. § 78u–4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—(aa) has either filed the complaint or made a motion in response to a notice ..., (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

This presumption of the most adequate plaintiff may be "rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

## I. Rejection of Plaintiffs' Proposal

The Emanon Plaintiffs and Dorchester Plaintiffs propose the appointment as lead plaintiffs of two unrelated institutional investors and four other individual class members. The named plaintiffs in the other actions agreed to this arrangement. The Emanon Plaintiffs consist of a limited partnership, Emanon Partners, L.P., and three individual investors, Robert McGann, Adam D. Bidock, and Joe Lavallee. The Dorchester Plaintiffs consist of a limited partnership, Dorchester Partners, L.P., and one individual investor, David R. Royal.

To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff. One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation. Appointing lead plaintiff on the basis of financial interest, rather than on a "first come, first serve" basis, was intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers. *See* H.R. Conf. Rep. No. 104–369, at 31–35 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 730, 730–

34. To allow lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would allow and encourage lawyers to direct the litigation. Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff. *Id.* at 35.

Counsel have not offered any reason for appointing an aggregation of unrelated institutional and individual investors as lead plaintiffs other than the argument that the language of the statute does not expressly forbid such a result.

## II. Appointment of Lead Plaintiff

■ Emanon Partners, L.P. is presumptively the most adequate plaintiff. Emanon Partners, L.P. filed a complaint and made a motion to be lead plaintiff in satisfaction of § 21D(a)(3)(B)(iii)(I)(aa) of the Exchange Act, 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa), and is the "person or group of persons" that has the largest financial interest among the named plaintiffs in this class action. Emanon Partners, L.P. allegedly lost approximately $4.8 million from trading in Donnkenny securities during the class period. Dorchester Partners, L.P. lost approximately $3.08 million.

Emanon Partners, L.P. otherwise satisfies the requirements of Fed.R.Civ.P. 23. Rule 23(a) states that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Emanon Partners, L.P. is both typical and adequate under Rule 23(a).

Prior to reaching their agreement on January 28, 1997, the Arcadia Plaintiffs, Donnkenny Plaintiffs, and Dorchester Plaintiffs challenged the typicality and adequacy of Emanon Partners, L.P. because of its investments in call and put options in addition to common stock. Emanon Partners, L.P. purchased common stock throughout the class period and held 605,000 shares of common stock at the end of the period, as well as 5,485 call option contracts and 6,996 put option contracts. (Emanon Partners Memo. at 3.) The other moving parties had argued that Emanon Partners' investments in call and put options invited the type of unique defenses disallowed by Rule 23 for class representatives.

In view of the fact that Emanon Partners, L.P. held almost six times as much common stock as it did options, Emanon Partners, L.P. does not lack typicality or adequacy under Rule 23(a) for the purpose of determining the lead plaintiff. Therefore, since Emanon Partners, L.P. filed a complaint, has the largest financial interest, and otherwise meets the requirements of Rule 23, the PSLRA presumes it to be the "most adequate plaintiff."

This presumption has not been rebutted by any member of the purported plaintiff class who can prove atypicality or unique defenses. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa).

## III. Appointment of Lead Counsel

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(iv).

■ Accordingly, Emanon Partners, L.P. may select Wolf Popper Ross Wolf & Jones, LLP and Milberg Weiss Bershad Hynes & Lerach LLP as co-lead counsel provided that there is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses.

SO ORDERED.