The ALBERT FADEM TRUST and Lloyd R. Fadem, as trustee on behalf of themselves and all others similarly situated, Plaintiffs,

v.

CITIGROUP INC., et al., Defendants.

Dr. Frederic Ian Fischbein, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

David Irwin, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Sandra Joan Malin Revocable Trust, on behalf of itself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Joanne Settelen, on behalf of herself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Charles E. Burton, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

James B. Howard, individually and on behalf of all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Heather Bjork, on behalf of herself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Scott Johnston, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

James B. Howard, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Paul J. Clark, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Laurence E. Balfus, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Richard B. Johnston, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

D'Alliessi Trust, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Paul Tanners, on behalf of himself and all others similarly situated, Plaintiff(s),

v.

Citigroup Inc., et al., Defendant(s).

Nos. 02 CIV. 5779(LTS), 02 CIV. 6147(LTS), 02 CIV. 6159(LTS), 02 CIV. 6241(LTS), 02 CIV. 6286(LTS), 02 CIV.

6296(LTS), 02 CIV. 6449(LTS), 02 CIV. 6561(LTS), 02 CIV. 6684(LTS).

United States District Court, S.D. New York.

Nov. 19, 2002.

Christopher J. Gray, Lovell & Stewart, LLP, New York City, for The Albert Fadem Trust, Lloyd R. Fadem, Plaintiffs (02 Civ. 5779).

Frederic S. Fox, Hae Sung Nam, Kaplan, Fox & Kilsheimer, LLP, New York City, for Fredric Ian Fischbein, Plaintiff (02 Civ. 6147).

Jules Brody, Tzivia Brody, Aaron Lee Brody, Stull, Stull & Brody, New York City, for DAvid Irwin, Plaintiff (02 Civ. 6159).

Gregory Michael Egleston, Menachem E. Lifshitz, Bernstein, Liebhard & Lifshitz, LLP, New York City, Marc A. Topaz, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, Paul J. Geller, Cauley & Geller, Bowman & Coates, LLP, Boca Raton, FL, for Sandra Joan Malin Revocable Trust, Plaintiff (02 Civ. 6241).

Deborah R. Gross, Law Office of Bernard M. Gross, Philadelphia, PA, Gregory Michael Egleston, Menachem E. Lifshitz, Bernstein, Liebhard & Lifshitz, LLP, New

York City, for Joanne Settelen, Plaintiff (02 Civ. 6268).

Jacqueline E. Bryks, Cohen, Milstein, Hausfeld & Toll, PPLC, New York City, for Charles E. Burton, Plaintiff (02 Civ. 6296).

Ira M. Press, Kirby, McInerney & Squire, LLP, New York City, for James B. Howard, Plaintiff (02 Civ. 6449).

Frederick Scott Fox, Kaplan, Fox & Kilsheimer, LLP, New York City, for Heather Bjork, Plaintiff (02 Civ. 6561).

Patrick Anthony Klingman, Schatz & Nobel, PC, Hartford, CT, for Scott Johnston, Plaintiff (02 Civ. 6684).

Hae Sung Nam, Kaplan, Fox & Kilsheimer, LLP, New York City, for Paul J. Clark, Holly C. Clark, Plaintiffs (02 Civ. 7546).

Klari Neuwelt, Law Office of Klari Neuwelt, New York City, for Laurence E. Balfus, Plaintiff (02 Civ. 7583).

Frederic S. Fox, Hae Sung Nam, Kaplan, Fox & Kilsheimer, LLP, New York City, John R. Malkinson, Malkinson & Halpern, PC, Chicago, IL, for Richard B. Johnston, Plaintiff (02 Civ. 7745).

Neal A. Deyoung, New York City, for Peter D'Alliessi and Lois D'Alliessi Living Trust, Plaintiff (02 Civ. 7867).

Aaron Lee Brody, Stull, Stull & Brody, New York City, for Paul Tanners, Plaintiff (02 Civ. 7836).

Richard A. Rosen, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Citigroup, Inc., Sanford I. Weill, Todd Thompson, Defendants (02 Civ. 6449).

### MEMORANDUM OPINION

SWAIN, District Judge.

Before this Court are related putative class actions asserting violations of the federal securities laws and the common law in connection with alleged misstatements and omissions of material fact regarding Citigroup, Inc. ("Citigroup"). Plaintiffs allege principally that defendants Citigroup, Inc., Sanford I. Weill, and Todd Thomson ("Defendants") failed to disclose that Citigroup misrepresented a 1999 transaction with the Enron Corporation ("Enron"); affirmatively misrepresented Citigroup's potential Enron-related exposure in a 2001 annual report; and failed to disclose the true extent of Citigroup's potential legal liability arising out of its structured finance dealings with Enron.

Pursuant to the provisions of section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), G.M.O. Pelican Fund, Stanley Holt, William Mayo, Khusal Mehta, Karen Picciano and Jerry Robertson ("Robertson" and collectively, the "Robertson Lead Plaintiffs"), Natcam Investment Management, Inc. ("Natcam"), Pompano Beach Police & Firefighters' Retirement System ("Pompano") and Stoneridge Investment Partners, LLC ("Stoneridge") moved this Court for consolidation of the Citigroup actions into one action for all purposes, for designation as lead plaintiff and approval of lead plaintiff's selection of counsel. Robertson and the Robertson Lead Plaintiffs are represented by Stull, Stull & Brody. Natcam, Pompano and Stoneridge are represented by Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss"). Stoneridge, Natcan and the Robertson Lead Plaintiffs subsequently withdrew their motions. Pompano's motion remained and Robertson moved individually to be appointed as co-lead plaintiff with Pompano. The Court addresses these remaining applications of Robertson and Pompano.

The Court has considered thoroughly all submissions and argument related to these

applications. For the following reasons, this Court now grants the motions to consolidate. The Court also grants Pompano's motion for appointment as lead plaintiff and approves its selection of Milberg Weiss as lead counsel.

*Motion to Consolidate*

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate "actions involving a common question of law or fact." Fed.R.Civ.P. 42(a). A determination on the issue of consolidation is left to the sound discretion of the Court. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir.1990); *Zicklin v. Breuer*, 534 F.Supp. 745, 749 (S.D.N.Y.1982).

The Court finds that all of the above-captioned actions present common factual and legal issues, involve overlapping defendants and will involve similar subject matter and similar issues related to class certification. Accordingly, the Court finds that these and all related Citigroup security holder actions arising from the same facts should be consolidated in the interest of judicial economy.

*Motion for Lead Plaintiff*

The PSLRA provides in relevant part that "the court shall ... appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C.A. § 78u–4(a)(3)(B)(i) (West 1997). In making its determination on a motion for appointment of lead plaintiff, the Court is required to apply a rebuttable presumption that the "most adequate plaintiff" is

the person or group of persons that(aa) has either filed the complaint or made a motion in response to [the initial class] notice ...; (bb) in the determination of the court, has the largest financial inter-est in the relief sought by the class; and .(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C.A. § 78u–4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported class "that the presumptively most adequate plaintiff-(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses which render such plaintiff incapable of adequately representing the class." 15 U.S.C.A. § 78u–4(a)(3)(B)(iii)(II).

■ Pompano has supplied an affidavit attesting to approximately $787,887 dollars of losses incurred as a result of its trading in Citigroup securities during the relevant period. (Pompano Certification and Loss Chart, Rudman Decl. at Exs. C and D.) In contrast, Robertson reports losses of $40,275. Here, Pompano has incurred the largest financial losses of any lead plaintiff movant and is otherwise adequate and typical. Pompano is therefore presumptively the most adequate plaintiff. *See In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 262–268 (3d Cir.2001), *cert. denied*, 535 U.S. 929, 122 S.Ct. 1300, 152 L.Ed.2d 212 (2002); 15 U.S.C.A. § 78u–4(a)(3)(B)(iii)(I) (West 1997) ("the most adequate plaintiff ... is the person or group of persons that ... in the determination of the court, has the largest financial interest in the relief sought by the class.").

The Court further finds that Pompano has made a preliminary showing of typicality and adequacy under Rule 23 sufficient to satisfy with the requirements of the PSLRA. "Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. 42, 49 (S.D.N.Y.1998). Pompano's claims are typical of the class because its

claims and injuries allegedly arise from the same course of conduct as that from which claims of the other class members arise. *Cf. id.*, 182 F.R.D. at 49–50. Pompano's members purchased Citigroup securities on the open market during the class period; at prices alleged to have been artificially inflated by the materially false and misleading statements issued by Defendants; and suffered damages thereby.

The adequacy of representation component of Rule 23 is also satisfied for this purpose by Pompano, as there is no indication or evidence of conflict of interest between members of the Pompano and members of the purported class, it has obtained qualified and experienced counsel, and it has a significant interest in the outcome in the litigation so as to ensure vigorous prosecution of the case. *Cf. Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y.2001). These preliminary determinations of typicality and adequacy, however, will not preclude any party from contesting class certification on such bases in the future.

The Court, therefore, finds that Pompano is presumptively the most adequate plaintiff. Having received no evidence sufficient to rebut this presumption, the Court hereby grants Pompano's motion for appointment of lead plaintiff. Robertson's motion for appointment as co-lead plaintiff is denied because he has not rebutted the presumption that Pompano is an adequate representative of the class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (West 1997); *see generally In re Cendant Corp. Sec. Litig.*, 264 F.3d at 268 ("once the presumption is triggered, the question *is not* whether movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair and adequate' job").

*Appointment of Lead Counsel*

Subject to the Court's approval, the most adequate plaintiff shall select and retain counsel to represent the class. 15 U.S.C.A. § 78u–4(a)(3)(B)(v) (West 1997). Pompano seeks approval of its selection of Milberg Weiss as lead counsel. The Court finds that Milberg Weiss has had substantial experience and success in prosecuting securities fraud actions, rendering it capable of serving as lead counsel in this action. (*See* Milberg Weiss Firm Biography, Decl. of Rudman at Ex. E). Accordingly, Pompano's selection of Milberg Weiss as lead counsel is approved.

## ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD PLAINTIFF'S COUNSEL

The Court having conducted a pretrial conference on November 8, 2002 to address motions to consolidate and for appointment of lead plaintiff and lead counsel in class actions brought against **Citigroup, Inc.** ("Citigroup"), and others, all of which involve common questions of law and fact and for the reasons set forth in the Memorandum Opinion filed simultaneously herewith, it is hereby

ORDERED as follows:

### I. CONSOLIDATION

1. The actions listed on the annexed schedule are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). They shall be referred to collectively as *In re Citigroup, Inc. Securities Litigation*, Master File No. 02 Civ. 5779(LTS).

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named,

served, or added as such in accordance with the Federal Rules of Civil Procedure.

## II. MASTER DOCKET AND SEPARATE ACTION DOCKETS

3. A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them either for all purposes or for pretrial purposes (the "Consolidated Actions"). Entries in said Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

4. When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

## III. MASTER FILE AND SEPARATE ACTION FILES

5. A Master File is hereby established for the consolidated proceedings in the Consolidated Actions. The Master File shall be Civil Action No. 02 Civ. 5779(LTS). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section II of this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## IV. NEWLY FILED OR TRANSFERRED ACTIONS

6. When a class action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section I above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

a. File a copy of this Order in the separate file for such action.

b. Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the Consolidated Actions.

c. Make an appropriate entry in the Master Docket.

d. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

e. Upon the first appearance of any new defendant(s), mail to the attorneys for such defendant(s) in such newly filed or transferred case a copy of this Order.

7. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

## V. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

8. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions, whether brought on behalf of holders of **Citigroup** stocks, bonds, or any

other securities, so long as **Citigroup** is named as a defendant in the action. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such complaint.

## VI. CAPTIONS

9. Every pleading filed in the Consolidated Action, and in any separate action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE CITIGROUP, INC.

SECURITIES LITIGATION

MASTER FILE

02 Civ. 5779(LTS)(RLE)

This Document Relates To:

10. When a pleading is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is intended to apply only to less than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

## VII. FILING AND DOCKETING

11. When a paper is filed and the caption shows that it is applicable to All Actions, the Clerk shall file it in the Master File and note such filing in the Master Docket. No other docket entries need be made nor copies filed in other files.

12. When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each such separate action. The party filing such paper shall supply the Clerk with sufficient copies of any paper to permit compliance with this paragraph.

## VIII. LEAD PLAINTIFF; LEAD PLAINTIFF'S COUNSEL

13. Pompano Beach Police & Firefighters' Retirement System is appointed Lead Plaintiff.

14. Milberg Weiss Bershad Hynes & Lerach LLP shall serve as Lead Counsel for all plaintiffs in the Consolidated Actions.

15. Lead Counsel shall have the following responsibilities:

a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plain-

tiffs or those plaintiffs filing the particular papers.

b. Conduct all pretrial proceedings on behalf of plaintiffs.

c. Brief and argue motions.

d. Initiate and conduct discovery.

e. Speak on behalf of plaintiffs at any pretrial conference.

f. Employ and consult with experts.

g. Conduct settlement negotiations with defense counsel on behalf of plaintiffs.

h. Call meetings of plaintiffs' counsel.

i. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at reasonable hours.

## IX. SCHEDULE

16. Plaintiffs shall file a consolidated amended complaint for the Consolidated Actions and any actions subsequently consolidated with them on or before January 24, 2003.

17. Pending filing and service of the consolidated amended complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.

18. A pre-trial conference in the above-captioned matter and oral argument on any pending motions shall be held on April 18, 2003 at 11:00 a.m.

19. Further proceedings in these consolidated actions will be conducted in compliance with the consultation and submission provisions of the Preliminary Pre–Trial order issued in the lead case, dated August 19, 2002 and in accordance with applicable orders, federal and local court procedural rules and Individual Practices Rules of the undersigned, including Rule 1.A.1 thereof.

SO ORDERED.