In re FANNIE MAE SECURITIES LITIGATION.

Civ. No. 04–1639(RJL).

United States District Court, District of Columbia.

Jan. 13, 2005.

Steven J. Toll, Cohen Milstein Hausfeld & Toll, PLLC, Washington, DC, for Plaintiff.

Michael J. Walsh, Jr., O'Melveny & Myers LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Before the Court are the motions of three movants each seeking to be appointed as lead plaintiff and each seeking to have their counsel appointed lead counsel in an action brought under the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1] The movants seeking appointment as lead plaintiff are: the Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio (OPERS/STRS)[2]; Cafco–Large Cap Funds, L.P. and Jeff Pechan ("Cafco–Pechan"); and Cominvest Asset Management GmBH ("Cominvest"). The PSLRA establishes a clear and unambiguous procedure for determining who should serve as the lead plaintiff in a securities class action.

Based on this procedure, a review of the papers submitted by the moving parties, and the oral arguments on this issue, the Court concludes that OPERS/STRS is the most adequate lead plaintiff. Accordingly, OPERS/STRS Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel is **GRANTED**, Cafco–Pechan's Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel is **DENIED**, and Cominvest's Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel is **DENIED**.

## BACKGROUND

On September 23, 2004, Vincent Vinci filed the first of several federal securities class actions alleging that Fannie Mae and several of its corporate officers intentionally manipulated earnings to meet Wall Street analysts expectations. Compl. ¶ 68. Pursuant to the PSLRA, Mr. Vinci published notice of the class action suit on the *PR Newswire* on the same day, thereby initiating the 60–day window in which motions to serve as lead plaintiffs could be filed. On November 22, 2004, the last day permitted by the statute, the three movants in this action filed for appointment as lead plaintiff. On November 30, 2004, at the first status hearing held in this case, the Court permitted each movant to oppose the other motions and provided each movant an opportunity to file a reply to those oppositions by December 14, 2004. Finally, on December 17, 2004, the Court heard oral arguments on these motions.

---

1. The pending motions were initially styled as motions to consolidate, appoint lead plaintiff, and approve lead counsel. On December 16, 2004, however, the Court approved a Stipulated Order of Consolidation. Therefore, only the remaining motions are the subject of this opinion.

2. When this movant originally filed its motion, a third fund, Ohio Bureau of Workers' Compensation ("BWC"), was listed as one of the parties seeking appointment as lead plaintiff. On December 17, 2004, however, BWC withdrew from the litigation because it "did not want its participation in the Ohio Funds' joint motion to prejudice the substantial losses suffered by OPERS and STRS...." Notice of Withdrawal at 2. Despite Cominvest's objections to this withdrawal, the withdrawal does not violate the spirit of the PSLRA. *See In re Enron Corp. Secs. Litig.*, 206 F.R.D. 427, 440 (S.D.Tex.2002).

## ANALYSIS

### I. Appointment of Lead Plaintiff

■ The PSLRA establishes a rebuttable presumption that the most adequate lead plaintiff in such securities litigation is the one that: (1) filed the complaint or timely moved for appointment as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u–4(a)(3)(B)(I)–(ii). The analysis requires this Court to determine first which movant has the largest financial interest in the relief sought by the class. Based on the information provided by the parties, the Court concludes that the OPERS/STRS movants have the largest financial interest in the relief sought because their losses total $ 12,896,022, as compared to Cominvest's $ 4,337,471, and Capco–Pechan's $ 307,521.

If OPERS/STRS makes a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23, this Court must deem OPERS/STRS the presumptive lead plaintiff. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263–64 (3d Cir. 2001). The inquiry does not differ from the one conducted in a Rule 23 analysis. *In re Cavanaugh*, 306 F.3d 726, 736 (9th Cir.2002). To satisfy the typicality requirement, OPERS/STRS must demonstrate that its claims arose out of the same course of conduct and are based on the same legal theory. *Stewart v. Rubin*, 948 F.Supp. 1077, 1088 (D.D.C.1996), *aff'd* 124 F.3d 1309 (D.C.Cir.1997). In its motion, OPERS/STRS stated the common facts and legal issues that it shares with the class. OPERS/STRS Motion at 16. To satisfy the adequacy requirement, a movant must demonstrate that it does not have interests antagonistic to the class, that its counsel is qualified, experienced, and able to conduct the litigation, and that it has sufficient interest in the outcome of the litigation to ensure vigorous representation. *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y.2001) OPERS/STRS sufficiently addresses each of these issues in its opening motion. OPERS/STRS Motion at 17–18. Therefore, OPERS/STRS is the presumptive lead plaintiff. That presumption, however, can be rebutted, but only by proof offered by one of the class members that OPERS/STRS will not fairly or adequately represent the class or that OPERS/STRS is subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). The class members have failed to do so.

■ Putting aside Cominvest and Cafco–Pechan's arguments relating to calculations and formulas for determining its financial interest, which, of course, are irrelevant to rebutting this presumption, they essentially raise two issues regarding the adequacy of OPERS/STRS as lead plaintiff. First, they allege that OPERS/STRS's status as lead plaintiff in the Freddie Mac action, an MDL being litigated in the Southern District of New York, makes OPERS/STRS an atypical representative with inherent conflicts. Cominvest Opp. at 19. However, they offer no proof that OPERS/STRS involvement in the Freddie Mac action would create conflicts, let alone adequately articulate how those alleged conflicts would diminish OPERS/STRS capacity to fairly and adequately represent the class. Therefore, like its argument that the Ohio Treasurer's Office's practice of purchasing mortgage-backed securities from Fannie Mae somehow creates a conflict of interest, it is too speculative and hypothetical to rebut the presumption. Cominvest Opp. at 20–21.

Second, Cominvest argues that OPERS/STRS is over-extended because it is already serving as lead plaintiff in three pending actions and is seeking involvement in three other actions, including this one,

and should therefore not be permitted to serve as the lead plaintiff under the PSLRA provision restricting so called "professional plaintiffs." Cominvest Surreply at 1. That section of the PSLRA provides:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during a 3-year period.

15 U.S.C. § 78u–4(a)(3)(B)(vi). The legislative history, however, addresses the intent behind this restriction. While the PSLRA was undoubtedly enacted to empower investors and to prevent lawyer-driven litigation, *see* S.Rep. No. 104–98, at 6 (1995), *reprinted in* 1995 U.S.C.A.A.N. 679, [ ]; *see also Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N.Y.2001), the House Conference Report also demonstrates a clear congressional preference for institutional investors to serve as lead plaintiffs, *see* H.R. Conf. Rep. No. 104–369, at 34 (1995), *reprinted in* 1995 U.S.C.A.A.N. 730, 733. Indeed, the report states:

> The Conference Report seeks to restrict professional plaintiffs from serving as lead plaintiffs by limiting a person from serving in that capacity more than five times in three years. *Institutional investors seeking to serve as lead plaintiff may need to exceed this limitation and do not represent the type of professional plaintiff this legislation seeks to restrict.* As a result, the Conference Committee grants courts discretion to avoid the unintended consequences of disqualifying institutional investors from serving more than five times in three years.

*Id.* at 35 (emphasis added). Thus, the Court has the discretion to exempt an institutional investor from the "professional plaintiff" restriction.

Moreover, the cases cited by Cominvest in support of this argument are neither controlling on this Court, nor do they persuade this Court that OPERS/STRS should be disqualified. *Thompson v. The Shaw Group, Inc.,* 03cv1685, 2004 WL 2988503, slip op. (E.D.La. Dec. 14, 2004) (finding that in-house counsel was acting as a fiduciary in directing seven securities fraud class actions and the organization itself was directing a total of eight concurrent lawsuits); *In re Unumprovident Corp. Securities Litigation,* 03MD1552, 2003 U.S. Dist. LEXIS 24633 (E.D.Tenn. Nov. 6, 2003) (finding that the Louisiana funds had participated as lead plaintiffs in thirteen of the twenty-four cases where it sought the status of lead plaintiff); *Chiaretti v. Orthodontic Centers of American, Inc.,* 03cv1027, 2033 U.S. Dist. LEXIS 25264 (E.D.La. Aug. 28, 2003) (finding that LSERS' general counsel was acting as a fiduciary in six large securities class actions and was general Counsel for two large pension funds); and *In re Enron Corporation Securities Litigation,* 206 F.R.D. 427, 457 (S.D.Tex.2002) (finding that because the action was "probably the largest and most complex of its kind in the history of this country...it will demand the full focus of Lead Plaintiff(s) and Lead Counsel," thereby disqualifying Florida State Board Administration, a large pension fund, because it had already exceed the statutory cap with nine actions). Thus, because there is no basis, either legal or otherwise, to rebut the presumption, the Court finds that OPERS/STRS is the most adequate lead plaintiff and not the type of "professional plaintiff" Congress intended to restrict under the PSLRA.

## II. Approval of Lead Counsel

Finally, the PSLRA provides that "the most adequate plaintiff shall, subject to the

approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). OPERS/STRS has selected Waite, Schneider, Bayless & Chesley Co, L.P.A and Berman DeValerio Pease Tabacco Burt & Pucillo to serve as Co–Lead Counsel. OPERS/STRS Motion at 19. The Court finds that these law firms have the experience and resources necessary and available to litigate this case. Accordingly, the Court finds no reason to disturb OPERS/STRS selection of lead counsel and approves the selection.

## ORDER

For the reasons set forth above, it is this 13th day of January, 2005 hereby

**ORDERED** that the Motion of Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio for Appointment as Lead Plaintiffs and Approval of Selection of Counsel [# 4] is **GRANTED**, and it is further

**ORDERED** that the Motion of Cafco–Pechan Movants for Appointment as Lead Plaintiffs and for Approval of Selection of Co–Lead and Liaison Counsel [# 5] is **DENIED**, and it is further

**ORDERED** that the Motion of Cominvest Asset Management GmBH to be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel [# 6] is **DENIED**.

**SO ORDERED.**