Sinai ROTH, Eric Simon, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

KNIGHT TRADING GROUP, INC. and Kenneth D. Pasternak, Defendants.

M. Mark Mendel, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Patricia Campbell, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Mitchell Hirth, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Robert Waring, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Gilda Preda, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and

Kenneth D. Pasternak,
Defendants.

John Wilkens, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Anthony Glinskas, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Joseph Brecher, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Fredell D. Williams, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Timothy Murphy, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Matthew W. Woods, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Samuel Sinay, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

S. Thomas Hornyak, Elias S. Hornyak, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

William Bagnell, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Bruce Montague, Individually and on behalf of All Others Similarly Situated, Plaintiff,

v.

Knight Trading Group, Inc. and Kenneth D. Pasternak, Defendants.

Nos. CIV. 02–2759(WHW), CIV. 02–3095(WHW), CIV. 02–3188(WHW), CIV. 02–2975(WHW), CIV. 02–3107(WHW), CIV. 02–3248(WHW), CIV. 02–3010(WHW), CIV. 02–3144(WHW), CIV. 02–3249(WHW).

United States District Court,
D. New Jersey.

Oct. 4, 2002.

526

Olimpio Lee Squitieri, Squitieri & Fearon, LLP, Newark, NJ, for Plaintiff.

Joseph J. Depalma, Lite, Depalma, Greenberg and Rivas, LCC, Newark, NJ, Joseph P. Lasala, McElroy, Deutsch & Mulvaney, Morristown, NJ, Gary S. Graifman, Kantrowitz, Goldhamer & Graifman, Montvale, NJ, Andrew Robert Jacobs, Epstein Fitzsimmons Brown Gioa Jacobs & Sprouls, Chatham Township, NJ, Robert J. Berg, Bernstein Liebhard & Lifshitz, LLP, Fort Lee, NJ, for Plaintiff.

Edward A. Zunz, Jr., Michael P. O'Mullan, Riker Danzig Scherer Hyland & Perretti, Morristown, NJ, for Defendants.

## OPINION

WALLS, District Judge.

This matter is before the Court to appoint lead plaintiff and lead counsel in this securities class action against Knight Trading Group, Inc. ("Knight Trading") and Kenneth D. Pasternak (collectively, the "Defendants") pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or the "Reform Act"). Defendants are alleged to have violated Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78(n) and 78t(a), and Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.10b–5.

Each of the following parties filed motions for appointment as Lead Plaintiff and approval of its counsel as Lead Counsel, respectively: (1) Private Asset Management ("PAM") and Schiffrin & Barroway, LLP and Bernstein Liebhard & Lifshitz, LLP; (2) William E. Hassenger ("Hassenger") and Milberg Weiss Bershad Hynes & Lerach, LLP; (3) Terrance Brennan ("Brennan") and Kirby, McInerney & Squire, LLP; and (4) Samuel Sinay ("Sinay") and Zwerling, Schachter & Zwerling, LLP. These parties also moved for consolidation of all related actions. On Septem-

ber 5, 2002, PAM and Hassenger submitted a stipulation to the Court to proceed as combined Lead Plaintiff with Milberg Weiss Bershad Hynes & Lerach, LLP and Schiffrin & Barroway, LLP as co-Lead Counsel. On September 6, 2002, Brennan withdrew his motion for appointment as lead plaintiff. Having heard and considered argument of counsel and for the reasons stated, the Court grants the motion for consolidation; appoints PAM as Lead Plaintiff; and reserves decision on appointing PAM's choice of Schiffrin & Barroway, LLP and Bernstein Liebhard & Lifshitz, LLP as Lead Counsel pending this Court's review of PAM's retainer agreement with Schiffrin & Barroway, LLP and Bernstein Liebhard & Lifshitz, LLP.

## BACKGROUND

On June 7, 2002, Sinai Roth and Eric Simon ("Sinai Roth") commenced this action on behalf of a class consisting of all persons and entities who purchased the common stock of Knight Trading (the "Class") during the period of February 29, 2000 through June 3, 2002 (the "Class Period"). Other suits followed.[1] Sinai Roth alleges that Defendants, a business engaged in market-making in equity securities, options and asset management, engaged in a fraudulent "front-running" scheme, where customer orders were delayed while Defendants' traders made purchases in the same stocks ordered by customers in violation of trading rules.

---

1. *Mendel v. Knight Trading Group, Inc.*, Civ. No. 02–2975(WHW); *Campbell v. Knight Trading Group, Inc.*, Civ. No. 02–3010(WHW); *Hirth v. Knight Trading Group, Inc.*, Civ. No. 02–3095(JWB); *Waring v. Knight Trading Group, Inc.*, Civ. No. 02–3107(WHW); *Preda v. Knight Trading Group, Inc.*, Civ. No. 02–3144(WHW); *Wilkens v. Knight Trading Group, Inc.*, Civ. No. 02–3188(WHW); *Glinskas v. Knight Trading Group, Inc.*, Civ. No. 02–3248(WHW); *Brecher v. Knight Trading Group, Inc.*, Civ. No. 02–3249(WHW); *Williams v. Knight Trading Group, Inc.*, Civ. No. 02–3304(WHW); *Murphy v. Knight Trading Group, Inc.*, Civ. No. 02–3437(WHW); *Woods v. Knight Trading Group, Inc.*, Civ. No. 02–3490(WHW); *Sinay v. Knight Trading Group, Inc.*, Civ. No. 02–3564(WHW); *Hornyak v. Knight Trading Group, Inc.*, Civ. No. 02–3565(WHW); *Bagnell v. Knight Trading Group, Inc.*, Civ. No. 02–3678(WHW); and *Montague v. Knight Trading Group, Inc.*, Civ. No. 02–4457(WHW).

During the proposed Class Period, Defendants are alleged to have issued public statements in numerous press releases which fraudulently created the false impression that Knight Trading provided its customers with the ability to execute trades immediately at the price specified by the customer: these public statements failed to disclose Defendants' alleged practice of executing their own trades before those of their customers. The delay allegedly prevented customers from obtaining the proceeds resulting from rising stock prices for the period of time that customers' orders were left unfilled, while Defendants profited by executing their own trades first. Because of Defendants' trading practices, their customers' trades were more expensive when ultimately executed.[2]

The Securities and Exchange Commission ("SEC") and the National Association of Securities Dealers ("NASD") announced their investigations of Defendants' trading practices on June 3, 2002. The next day, shares of Knight Trading stock dropped 28 percent, causing losses to the shareholders. It was later learned Defendants allegedly failed to disclose that one of Defendants' former employees had reported the front-running activity to the NASD in 2001. Moreover, Defendants failed to disclose the NASD investigation in its Form 10–K filed with the SEC on March 28, 2002; in its amended Form 10–K/a for 2001, filed April 3, 2002; and in the Company's Form 10Q, filed May 15, 2002.

This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act, 28 U.S.C. §§ 1331 and 1337. Sinai Roth alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b–5, promulgated thereunder. Consequently, Sinai Roth alleges that they and other members of the putative class acquired Knight stock at artificially inflated prices and were damaged.

## DISCUSSION

### A. Standard for Selecting a Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in actions arising under the Exchange Act that is brought as a plaintiff class action under the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who filed the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i). Within 60 days of publishing the notice, any member(s) of the group may apply to the Court to be appointed as lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A) and (B).

Second, within 90 days after the publication of the notice the Court shall appoint as lead plaintiff the member(s) of the class that the Court determines to be the most capable of adequately representing the interests of class members. 15 U.S.C. § 78u–4(a)(3)(B). The court shall presume that the "most adequate plaintiff," is the member(s) that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

---

**2.** Consolidated separately were *Ta v. Knight Trading Group, Inc.,* Civ. No. 02–3561(WHW); *Dittmeier v. Knight Trading Group, Inc.,* Civ. No. 02–3562(WHW); *McCane v. Knight Trading Group, Inc.,* Civ. No. 02–3563(WHW); and *Denny v. Knight Trading Group, Inc.,* Civ No. 02–3613(WHW), which alleged a cause of action pursuant to the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8–1 *et seq,* on behalf of those individuals who used Knight Trading to execute their trades of various market securities.

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii). *See generally, Greebel v. FTP Software,* 939 F.Supp. 57, 64 (D.Mass.1996).

■ Federal Rule of Civil Procedure 23(a) provides that a party may serve as a class representative only if the following requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Of these requirements, only typicality and adequacy relate to the characteristics of the class representative. The typicality requirement is satisfied when the named plaintiff (1) has suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by defendants, and (3) their claims are based on the same legal issues. *Weiss v. York Hospital,* 745 F.2d 786, 809 n. 36 (3d Cir.1984). The "fairly and adequately" representing the class requirement is limited by PSLRA § 21D which directs the Court to limit its inquiry to the existence of any conflict with the interests of the other members of the class.

■ The Third Circuit described the process that should be followed in selecting the most adequate plaintiff. The Court should first consider which movant has the largest financial stake in the outcome of the litigation. Then the Court should consider whether that movant otherwise satisfies the typicality and adequacy requirements. *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir.2001).

Pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v), a party moving for lead plaintiff, may select and retain counsel to represent the class, subject to court approval.

## B. Application of the Standard

Now that Brennan has withdrawn his motion for appointment as lead plaintiff, there are two competing motions for appointment: Sinay, and the self-proposed Lead Plaintiff group of PAM and Hassenger.[3]

■ PAM is an investment advisor who seeks to be named Lead Plaintiff. This Court previously refused to name an investment advisor as lead plaintiff because the investment advisor was unable to demonstrate that it functioned as a single investor and was authorized to act on behalf if its clients. *See Smith v. Suprema Specialties, Inc.,* 206 F.Supp.2d 627, 634 (D.N.J.2002). However, PAM has demonstrated to the Court's satisfaction that it has complete investment authority over its trades, and is agent and attorney-in-fact with full power and authority to act in connection with its investments. Declaration of Michael D. Berlin at ¶ 1. Because PAM has "unrestricted decision-making authority," PAM's status as an investment advisor does not prevent it from serving as lead plaintiff. *EZRA Charitable Trust v.*

**3.** In their Sept. 5, 2002 Stipulation, PAM and Hassenger seek to be appointed co-Lead Plaintiff. In *Cendant,* 264 F.3d at 223 n. 3, the Third Circuit uses the singular 'Lead Plaintiff' to refer to the CalPERS Group— three publicly-managed pension funds in the United States who, together, were named co-Lead Plaintiff. "[O]nly one 'entity' is entitled to speak for the class: *the* lead plaintiff. In cases where a group serves as lead plaintiff, it is for the group's members to decide how the group will make decisions, but it is the group—not its constituent members—that speaks for the class." *Id.*

*Rent–Way, Inc.,* 136 F.Supp.2d 435, 442 (W.D.Pa.2001).

During the Class Period, PAM purchased 132,342 shares of Knight Trading securities resulting in financial losses of approximately $2.57 million. No other party has sustained losses close to this amount. Hassenger, an individual investor, sustained losses of approximately $1.02 million; Sinay, another individual investor, in the amount of $176,650. Because PAM is the movant with the largest financial stake in the outcome of the litigation, the next step is to consider whether PAM otherwise satisfies the typicality and adequacy requirements. *See Cendant,* 264 F.3d at 263–67.

PAM satisfies the typicality requirement because it asserts claims based on the same legal theories and the same course of conduct as all the other class members, namely, the acts, omissions, and misrepresentations of Defendants during the Class Period. *See id.* PAM will also fairly and adequately represent the interests of the Class because PAM's interest is clearly aligned with that of the Class; there is no evidence of any conflict between PAM and the other Class members; and its own interest is aligned with that of its counsel. *See id.* PAM is the presumptive Lead Plaintiff.

■ The Third Circuit says that once the presumptive lead plaintiff is determined, any member of the purported class may seek to rebut the presumption. *Id.* at 268. The class member must then prove that "the presumptive lead plaintiff will not do a 'fair[ ] and adequate[ ]' job." *Id.* (alterations in original). Otherwise, the presumptive lead plaintiff is appointed the lead plaintiff. *Id.* Sinay or Hassenger must therefore demonstrate that PAM cannot fairly and adequately represent the class. While both Sinay and Hassenger argue that PAM, as an investment advisor, cannot serve as lead plaintiff because it

does not function as a single investor and was not authorized to act on behalf of its clients, the Court has already determined otherwise—PAM has unrestricted decision-making authority over its trades. Sinay and Hassenger advance no other argument to show that PAM cannot fairly and adequately represent the Class. Because neither Sinay nor Hassenger has rebutted PAM's status as the presumptive lead plaintiff, the Court names PAM as Lead Plaintiff.

■ The Court now turns to the stipulation of PAM and Hassenger to proceed jointly as Lead Plaintiff, with each designating its lawyers to be co-Lead Counsel. There is nothing in the PSLRA to prevent a group of unrelated individuals from serving as lead plaintiff. *Cendant,* 264 F.3d at 266. However, the Court declines to do so in this case. Together, PAM and Hassenger suffered losses in the amount of $3.59 million. They affirm their willingness to serve as class representative and argue that if either party were to withdraw for any reason, the remaining party would provide continued representation on behalf of the class. Sept. 5, 2002 Stipulation at 2–3. They also state that their respective status as an institutional investor and an individual investor will preclude Defendants from any attempt to defeat class certification by arguing that PAM and Hassenger are inadequate representatives under Fed.R.Civ.P. 23(a)(4). Sept. 5, 2002 Stipulation at 3.

Given that PAM and Hassenger have identical claims against Defendants, the Court declines to name both parties as Lead Plaintiff, with each designating its lawyers as co-Lead Counsel. At oral argument, they sought to allay the Court's concern that such joint responsibility would not lead to duplication of effort, with increased cost to the Class: each would have definite responsibility. The Court

does not doubt the sincerity of that representation. But the candid answer must be: there is no need. Such will not enhance benefit to the class in this relatively noncomplex, apparently non-gargantuan in scope case. *Cf. In re Cendant Corp. Litig.*, 182 F.R.D. 144, 149–50 (D.N.J.1998) (appointing co-Lead Plaintiffs and co-Lead Counsel to address claim differences in a securities class action). Here, PAM and Hassenger have not demonstrated the necessity nor efficacy to the Class' benefit for such designation as joint Lead Plaintiff and coLead Counsel. *See EZRA Charitable Trust*, 136 F.Supp.2d at 444. There is no conflict of interest that prevents PAM from representing Hassenger's interest. The reasons advanced by PAM and Hassenger to proceed together as Lead Plaintiff are not compelling. There need be only one *cook* for *this broth*. The Court concludes that PAM alone can and will fairly and adequately represent the Class.

### C. Consolidation

Defendants do not oppose the Motion to Consolidate the shareholder cases. Such consolidation promotes judicial efficiency and conservation of resources. The cases are hereby consolidated for all purposes pursuant to Fed.R.Civ.P. 42(a).

### CONCLUSION

For the reasons stated, the Court grants PAM's Motion to Consolidate; appoints PAM as Lead Plaintiff; and reserves appointing PAM's choice of Schiffrin & Barroway, LLP and Bernstein Liebhard & Lifshitz, LLP as Lead Counsel pending this Court's review of PAM's retainer agreement with Schiffrin & Barroway, LLP and Bernstein Liebhard & Lifshitz, LLP. The Court denies the motions of Hassenger and Sinay.