**In re CREE, INC., SECURITIES LITIGATION.**

**No. 1:03CV549.**

United States District Court, M.D. North Carolina.

Dec. 17, 2003.

J. David James, Smith James Rowlett & Cohen, Greensboro, NC, Sherrie R. Savett, Berger & Montague, P.C., Deborah R. Gross, Office of Bernard M. Gross, Philadelphia, PA, David G. Schiller, Cary, NC, Kenneth J. Vianale, Julie Prag Vianale, Vianale & Vianale, LLP, Boca Raton, FL, Lyle Roberts, Wilson Sonsini Goodrich & Rosati, P.C., Reston, VA, Robert N. Kaplan, Christine M. Fox, Kaplan Fox & Kilsheimer, LLP, New York, NY, for plaintiff/movant.

Carl N. Patterson, Jr., Donald Hugh Tucker, Jr., Smith Anderson Blount Dorsett Mitchell & Jernigan, Raleigh, NC, Bruce G. Vanyo, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, Gregory A. Harris, Lyle Roberts, Nicholas I. Porritt, Wilson Sonsini Goodrich & Rosati, P.C., Reston, VA, for defendants.

Marvin Schiller, David Garrett Schiller, Schiller & Schiller, PLLC, Raleigh, NC, Jeffrey Dean Patton, Reginald F. Combs, Blanco Tackabery Combs & Matamoros, P.A., Winston–Salem, NC, Jay W. Eisenhofer, Sidney S. Liebesman, Grant & Eisenhofer, P.A.

Wilmington, DE, Edward G. Connette, III, Lesesne and Connette, Charlotte, NC, Samuel H. Rudman, David A. Rosenfeld, Mario Alba, Jr., Cauley Geller Bowman Coates & Rudman, LLP, Melville, NY, S. Gene Cauley, Darrin L. Williams, Randall K. Pulliam, Cauley Geller Bowman & Rudman, LLP, Little Rock, AR, for movants.

## MEMORANDUM OPINION

BULLOCK, United States Magistrate Judge.

At the November 25, 2003, status conference and motion hearing in this matter, the court considered the parties' motion to consolidate the number of pending actions before the court involving common questions of law and fact and also reviewed several applications and proposed stipulations for appointment of one or more of the parties and attorneys as lead plaintiff and lead counsel.

 Rule 42(a), Federal Rules of Civil Procedure, allows a court to consolidate actions if they involve a "common question of law or fact." In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit. *Arnold v. Eastern Air Lines,* 681 F.2d 186, 193 (4th Cir.1982). Presently pending before the court are 19 purported class action suits making substantially similar allegations which would impose a greater burden on all parties, witnesses, and judicial resources if each were maintained separately. Consolidation would avoid the possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties. No party opposes consolidation of these cases. Therefore, the court will grant the Plaintiffs' motion for consolidation and consolidate these actions pursuant to Rule 42(a), Federal Rules of Civil Procedure.

The Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u–4 *et seq.,* which governs these actions, provides that the court shall appoint lead plaintiff for the consolidated action as soon as practicable after consolidation is determined. 15 U.S.C. § 78u–4(a)(3)(B)(ii). The inquiry used to appoint lead plaintiff for consolidation purposes is "not as searching as one triggered by a motion for class certification." *Switzenbaum v. Orbital Scis. Corp.,* 187 F.R.D. 246, 250 (E.D.Va.1999) (citations omitted). The entity appointed as lead plaintiff must be the member of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u–4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is the one who has filed a complaint or made a motion in response to a notice, who has the largest financial interest in the relief sought, and who otherwise satisfies Rule 23, Federal Rules of Civil Procedure. The presumption may be rebutted only by a member of the purported class, not by the defendant. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Any rebuttal evidence must show that the presumptively most adequate plaintiff will not fairly represent the class or is subject to unique defenses.

The Teachers Retirement System of Louisiana ("TRSL") is the presumptive lead plaintiff in this case because it has filed a motion to consolidate and be appointed lead plaintiff, has the largest financial interest of all those bringing actions, and appears to satisfy Rule 23 typicality and adequate representation requirements. Other litigants have also sought lead plaintiff status, including the Louisiana State Employees Retirement System ("LSERS"), which holds the second largest financial interest. The Plaintiffs have proposed a stipulation that would provide for the appointment of both Louisiana employees' groups as co-lead plaintiffs. However, the statutory presumption applies only to TRSL.

 In determining whether the statutory presumption applies, the court must evaluate any proposed lead plaintiff to make sure it conforms to the mandates of the

PSLRA. *See In re Waste Mgmt. Inc. Sec. Litig.,* 128 F.Supp.2d 401, 410 (S.D.Tex.2000). A presumptive lead plaintiff need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed. *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir.2001). The typicality requirement of the rule requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues. *Weiss v. York Hosp.,* 745 F.2d 786, 810 n. 36 (3d Cir.1984). Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members. *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

■ The affected class in this litigation appears to be one of moderate size, and the Plaintiffs have not identified, nor has the court determined, any reason why co-lead plaintiffs would be helpful or appropriate or why the presumptive lead plaintiff alone should not be appointed. A single lead plaintiff could reduce expenses and facilitate the control and prosecution of this litigation. Although 15 U.S.C. § 78u–4(a)(3)(B)(vi) provides that "[e]xcept as the court may otherwise permit" an entity may be a lead plaintiff in no more than five securities class actions during any three-year period, courts have excepted institutional investors from this restriction based on the legislative history of the PSLRA. *See Smith v. Suprema Specialties, Inc.,* 206 F.Supp.2d 627, 640 (D.N.J. 2002); *Naiditch v. Applied Micro Circuits Corp.,* 2001 WL 1659115, at *3 (S.D.Cal. Nov. 5, 2001); *In re Critical Path. Inc. Sec. Litig.,* 156 F.Supp.2d 1102, 1112 (N.D.Cal.2001).

■ Pursuant to the court's request, counsel for TRSL has provided the court with information concerning TRSL's pending litigation. It appears that TRSL has eight active securities fraud actions in which it is serving as lead or co-lead plaintiff and six individual/derivative actions pending. The earliest of these cases began in 1999. While this number is a matter of some concern, the court has been given no reason to believe

that TRSL could not devote adequate time and resources to this case notwithstanding its involvement in other active cases. As noted, TRSL has approximately twice the financial interest in this litigation as that of the next largest investor.

Neither is the court persuaded that multiple lead plaintiffs are needed in this case. Although the statute allows the lead plaintiff to be a "person or group of persons" or class "member or group of members," 15 U.S.C. § 78u–4(a)(3)(B)(i), (iii)(I), the Plaintiffs have done nothing to show that joint lead plaintiffs are necessary or beneficial to the class. *See Roth v. Knight Trading Group, Inc.,* 228 F.Supp.2d 524, 530–31 (D.N.J.2002) (appointing only one lead plaintiff despite a stipulation that two plaintiffs proceed as joint lead plaintiff because the plaintiffs "have not demonstrated the necessity nor efficacy to the Class' benefit for such designation as joint Lead Plaintiff and co-Lead Counsel."); *In re Donnkenny, Inc. Sec. Litig.,* 171 F.R.D. 156, 157–58 (S.D.N.Y.1997) (refusing to effectuate plaintiff's agreement to appoint multiple lead plaintiffs). Although TRSL and LSERS represent employees in the same state and have worked together in the past, TRSL has met the requirements of Rule 23 and PSLRA on its own and had moved for appointment as lead plaintiff individually before reaching the proposed stipulation with other plaintiffs. The court is satisfied that TRSL is the plaintiff most capable of adequately representing the interests of the potential class members.

■ The PSLRA provides that the lead plaintiff shall "subject to the approval of the court" select and retain counsel to represent the class. The court has the discretion to decline to appoint lead counsel that lead plaintiff chooses. *See In re Lucent Techs., Inc. Sec. Litig.,* 221 F.Supp.2d 472, 488 (D.N.J.2001). TRSL seeks to employ Grant and Eisenhoffer, P.A., of Wilmington, Delaware, as its counsel in this case. To that end, TRSL has submitted a firm profile with biographical data concerning each attorney with the firm, a summary of the firm's class action experience, and information about TRSL's relationship with the firm. Grant and Eisenhoffer has also supplied the court, at its request, with information concerning

the number of active cases in which TRSL and Grant Eisenhoffer are involved, other litigation in which the firm is involved, and the names and usual hourly rates of the attorneys from the firm who will handle the day-to-day litigation matters in this case. Grant and Eisenhoffer has also submitted information concerning its fee arrangement with TRSL in this case.

The court is aware of its obligation to assure that lead plaintiff's choice of representation best suits the needs of the class. A court in the exercise of this discretion should consider both the quality and the cost of the legal representation. The court is also guided in the exercise of its discretion by the provisions of the new Rule 23(g), Federal Rules of Civil Procedure, effective December 1, 2003, providing that in appointing class counsel the court must consider the work counsel has done in identifying or investigating potential claims in the actions, counsel's experience in handling class actions and other complex litigation and claims of the type asserted in the present action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. *See* Fed.R.Civ.P. 23(g). From the information before the court, the court is satisfied at this time that the firm of Grant and Eisenhoffer, P.A., has extensive experience in representing institutional investors in securities actions throughout the country and has long been heavily engaged in securities and corporate litigation. The court is also satisfied that the firm has sufficient resources to prosecute this action in a thorough and expeditious manner and to provide adequate representation to the members of the purported class. While the court has some concern with the hourly rates which counsel indicate they typically charge, Section 21D(a)(6) of the Securities Act of 1934 provides that attorney's fees in class action cases are limited to a "reasonable amount," and what is reasonable is left to the discretion of the court. The PSLRA does not mandate a particular method of calculating attorney's fees, and attorney's fees may be calculated according to the lodestar approach or upon a percentage of the settlement fund. The court is aware that a major impetus for the passage of the PSLRA in 1995 and subsequent amendments to Rule 23, Federal Rule Civil Procedure, was the concern that class action securities litigation had become driven by and for the benefit of the attorneys rather than members of the class. Skilled attorneys should be allowed to command substantial fees, but the court will take its obligation seriously to see that any fees sought by counsel are just and reasonable under the circumstances.

Because of the number of cases and numerous law firms involved, the court will also appoint liaison counsel in this case. TRSL's choice of the firm of Blanco, Tackabery, Combs, and Matamoros, P.A., in Winston-Salem, North Carolina, is an appropriate choice for Plaintiff's liaison counsel. However, Plaintiffs have done nothing to show that an executive committee would aid the purported class, and the court will not appoint one in this case. Should the two law firms approved by the court find it necessary, they always have the option of assigning certain tasks to other counsel as long as supervision and control remains with counsel appointed by the court.

The court will direct lead counsel to file any consolidated amended complaint on or before January 16, 2004.

### ORDER

1. For the reasons set out in a memorandum opinion filed contemporaneously herewith, the actions listed on Exhibit A attached hereto are related cases and are consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure, for proceedings before this court. The consolidated action shall be captioned "In Re Cree, Inc., Securities Litigation."

2. All related actions that are subsequently filed in, or transferred to, this district shall be consolidated into this action for pre-trial purposes. This order shall apply to every such related action and to all current or subsequently added parties, absent order of the court. A party that objects to such consolidation, or to any other provision of this order, must file an application for relief from this order within ten (10) days after the date on which a copy of the order is mailed to the party's counsel pursuant to Paragraph 8 below.

3. This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

4. This order is entered without prejudice to the rights of any party to challenge personal jurisdiction.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| IN RE CREE, INC.,<br>SECURITIES LITIGATION | )<br>) | MASTER FILE NO. 1:03CV549<br>CLASS ACTION |
|---|---|---|

This document relates to:

7. The file in civil action number 1:03CV549 shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "all actions" shall appear immediately after the phrase "this document relates to." When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "this document relates to" the file number for each individual action to which the document applies, along with the last name of the first-listed Plaintiff in said action.

8. The parties shall file a notice of related cases whenever a case that should be consolidated into this action is filed in, or transferred to, this district. If the court determines that the case is related, the Clerk shall:

a. Place a copy of this order in the separate file for such action;

b. Serve on Plaintiff's counsel in the new case a copy of this order;

c. Direct that this order be served upon Defendants in the new case; and

d. Make the appropriate entry in the master docket.

9. Defendants are not required to respond to the complaint in any action consolidated into this action, other than a consolidated amended complaint or a complaint designated as the operative complaint.

10. Lead Plaintiff shall file a consolidated amended complaint on or before January 16, 2004. The consolidated amended complaint shall be the operative complaint and shall

5. The docket in civil action number 1:03CV549 shall constitute the master docket for this action.

6. Every pleading filed in the consolidated action shall have the following caption:

supersede all complaints filed in any of the actions consolidated herein.

11. Defendants shall respond to the consolidated amended complaint within thirty (30) days after service. If Defendants file any motions directed at the consolidated amended complaint, any response by Plaintiff in opposition shall be filed within thirty (30) days. Any reply brief by Defendants shall be filed within ten (10) days of Plaintiff's response.

12. The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, Defendants may serve counsel, other than lead Plaintiff's counsel, by first-class mail, unless otherwise agreed upon by the parties.

13. In the event that an appeal is taken by one or more parties from a decision or judgment of this court, or in the event that copies of the files are needed outside the district for any reason, it shall be the duty of the party requesting the papers to certify the record required. It shall then be the responsibility of counsel originally preparing or filing any document to be included in the record to furnish, upon request, sufficient copies to the clerk for transmittal. Copies requested shall be furnished within ten (10) days.

14. The Teachers Retirement System of Louisiana is appointed lead Plaintiff for the consolidated action.

15. The law firm of Grant & Eisenhoffer, P.A., is appointed lead counsel for the consolidated action.

16. The law firm of Blanco, Tackabery, Combs, and Matamoros, P.A., is appointed liaison counsel for the consolidated action.