Eric OLLILA, Plaintiff,

v.

BABCOCK & WILCOX ENTERPRIS-
ES, INC., Jenny L. Apker, E. James
Ferland, Defendant.

DOCKET NO. 3:17–cv–00109–MOC–DCK

United States District Court,
W.D. North Carolina,
Charlotte Division.

Signed May 24, 2017

Filed May 25, 2017

L. Bruce McDaniel, McDaniel & Anderson, L.L.P., Raleigh, NC, for Plaintiff.

Gregg Evan McDougal, Alston & Bird LLP, Durham, NC, John Ludlow Latham, Susan E. Hurd, Alston & Bird, LLP, Atlanta, GA, for Defendant.

## ORDER

Max O. Cogburn Jr., United States District Judge

THIS MATTER is before the court on the Motion of the Arkansas Teacher Retirement System (# 10) and the Motion of the City of Birmingham Retirement and Relief System (# 7). Each Motion asks the court to consolidate this case with the related matter of 3:17–cv–125, pursuant to F.R.C.P. 42(a) and appoint the respective party lead plaintiff in the consolidated action. Having considered the motions and reviewed the pleadings, the court enters the following Order.

### I. Introduction

This is a putative class action case brought under the Private Securities Litigation Reform Act (PSLRA) of 1995, 15 U.S.C. §§ 78u–4 *et seq.*, which provides that class actions under this statute must comport with the relevant federal rules governing class actions. Further, the PSLRA details the process of appointing a lead counsel. Given the complexity of security class action lawsuits, the court cites the relevant portion of the statute here:

**Appointment of lead plaintiff**

(i) In general Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

(ii) Consolidated actions If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

(iii) Rebuttable presumption

(I) In general Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

(II) Rebuttal evidence The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

(iv) Discovery For purposes of this subparagraph, discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

(v) Selection of lead counsel The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.

(vi) Restrictions on professional plaintiffs Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3–year period.

15 U.S.C. § 78u–4(a)(3)(B).

Pursuant to the statutory requirements of 15 U.S.C. § 78u–4(a)(3)(A)(i), notice in this case was distributed via a business newswire on March 3, 2017. (# 8) at 5. Two institutions have filed to be named as lead plaintiff within sixty days of that notice: the Arkansas Teacher Retirement System (ATRS) and the City of Birmingham ·Retirement and Relief System (CBRRS).

As required by 15 U.S.C. § 78u–4(a)(3)(B)(i), the court considers timely filed petitions for appointment as lead plaintiff for the purported class. The standard for this appointment is the determination that this appointed lead plaintiff must be "the most adequate plaintiff" to represent the interests of the class. 15 U.S.C. § 78u–4(a)(3)(B)(i). The statute prescribes the rebuttable presumption as to which entity should be named as lead plaintiff in 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), which includes (a) those entities which have filed a motion to be appointed lead plaintiff; (b) those with the greatest financial stake in the potential outcome of the case; and (c) those who otherwise satisfy the requirements of F.R.C.P. 23. This presumption can only be rebutted by 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II), which provides for rebuttal evidence that would undercut the proposed lead plaintiff's ability to fairly and adequately represent the class and a lead plaintiff that would be subject to unique defenses that would undermine its adequacy to represent the class.

■ The lead plaintiff is entitled to select lead counsel to represent the class, subject to the court's approval. See 15 U.S.C. § 78u–4(a)(3)(B)(v); see also Fed. R.Civ.P. 23(g). Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members. Sosna v. Iowa, 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); McIntyre v. Chelsea Therapeutics Int'l, Ltd., No. 3:12-CV-213-MOC-DCK, 2012 WL 3962522, at *1 (W.D.N.C. Aug. 16, 2012).

## II. Analysis

As noted above, two entities have filed timely notice and have therefore fulfilled the first of the three prongs of the 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I) presumption. The court must then consider the remaining two prongs of the test and whether the presumptive lead plaintiff is subject to rebuttal evidence under 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

■ With regard to the financial stake involved, CBRRS alleges a substantial loss of $468,903 on its transactions with Babcock & Wilcox. (# 8) at 6; (# 9–3) at 2. ATRS alleges a loss of $5,470,011. (# 11) at 6; (# 12–2) at 2–4. The parties agree that the class period runs from July 1, 2015 to February 28, 2017. It is clear to the court that the movants' financial statements demonstrate that ARTS has a larger financial stake during the relevant time period, and would therefore have the larger financial interest in the relief sought by the class. Compare CBRRS (# 9–3) at 2 with (# 12–2) at 2–4. Accordingly, ATRS has fulfilled the first two prongs of the three part test: notice and the largest financial stake.

■ The court next asks whether the putative lead plaintiff can fulfill the requirements of F.R.C.P. 23. Under Fed. R.Civ.P. 23(a) and (b), the claims or defenses of the representative party must be typical of the claims or defenses of the class, and the representative party must fairly and adequately protect the interests of the class. A presumptive lead plaintiff need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed. In re Cree, Inc., Secs. Litig., 219 F.R.D. 369, 372 (M.D.N.C., 2003); McIntyre, 2012 WL 3962522, at *2.

The court finds that ATRS has made the requisite showing of typicality and adequacy. As to typicality, ATRS' claims are based on the same interests and same injuries alleged by other purported class members—that Babcock & Wilcox's alleged misrepresentations and omissions of fact caused substantial loss to investors like ATRS. See (# 11) at 8. With regard to adequacy, this class representative and the selected attorney are capable of pursuing this litigation and neither have a conflict of interests with other members of the purported class. The interests of ATRS are aligned with those of other investors who lost money in transactions involving this stock. Accordingly, the court finds that ATRS has satisfied this third prong of the lead plaintiff test, and it will be appointed lead plaintiff.

In making the lead plaintiff finding, the court must also consider whether any rebuttal evidence exists under 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). No such evidence is before the court as to undermine the adequacy of ATRS as lead plaintiff or to suggest that it is subject to unique defenses that would render ATRS incapable of pursuing the interests of the purported class.

Having reviewed the motions and the pleadings, the court finds that ATRS meets the requirements of lead plaintiff. With respect to its choice of counsel, ATRS has submitted a summary of the qualifications of proposed lead counsel and liaison counsel, including experience with securities litigation and class actions, and a firm profile. See (# 12–4) & (# 12–5). Based upon the information provided, the court is satisfied that this selection of lead counsel as well as liaison counsel are capable of pursuing the litigation. See McIntyre, 2012 WL 3962522, at *3.

### III. Professional Plaintiff Bar

CBRS' Memorandum (# 20) argues that ATRS cannot be appointed lead plaintiff as it is subject to the restrictions on professional plaintiffs. The applicable statute contains the following language restricting the appointment of so-called "professional plaintiffs,"

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal

Rules of Civil Procedure during any 3–year period.

15 U.S.C. § 78u–4(a)(3)(B)(vi). CBRS relies upon Knurr v. Orbital ATK, Inc., a case out of the Eastern District of Virginia, which found that institutional investors are subject to the presumptive "five-in-three" limitation on appointment as lead plaintiff. No. 1:16-CV-1031, 220 F.Supp.3d 653, 2016 WL 6661157 (E.D. Va. Nov. 10, 2016) (J. Ellis). The Knurr court recognized that the purpose of the PSLRA was to encourage institutional investors to serve as lead plaintiff. 220 F.Supp.3d at 662–63, 2016 WL 6661157 at *6; see also R. Chris Heck, Conflict and Aggregation: Appointing Institutional Investors As Sole Lead Plaintiffs Under the PSLRA, 66 U. Chi. L. Rev. 1199, 1204–05 (1999).

The Knurr opinion is persuasive to this court. Similarly persuasive are the number of other district court cases that have held that institutional investors are *not* subject to the "five-in-three" limitation. See e.g., Oklahoma Firefighters Pension & Ret. Sys. v. Rayonier Advanced Materials, Inc., No. 3:15-cv-546-J-32PDB, 2015 WL 4730383, at *2 (M.D. Fla. Aug. 10, 2015). Several federal courts have recognized that the "majority" view is that institutional investors are *not* subject to the professional plaintiff "three-in-five" bar. See e.g., In re Herley Indus. Inc., No. CIV.A. 06-2596, 2010 WL 176869, at *4 (E.D. Pa. Jan. 15, 2010) ("Recognizing the disconnect between the PSLRA's purpose and the professional plaintiff provisions, the majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors."); Kuriakose v. Fed. Home Loan Mortg. Co., No. 1:08-cv-7281, 2008 WL 4974839, at *8 (S.D.N.Y. Nov. 24, 2008) (institutional investors are "not subject to the PSLRA's strict ban on 'professional plaintiffs' who have served as lead plaintiff in more than five class actions in the previous three-year period"); Meeuwenberg v.

Best Buy Co., No. Civ. 03-cv-6193, 2004 WL 950362, at *3 (D. Minn. Apr. 29, 2004) ("[T]he majority of courts have held institutional investors exempt from the statutory professional plaintiff restriction."); In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291, 299 (D. Del. 2003) ("[T]he majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors."); Smith v. Suprema Specialties, Inc., 206 F.Supp.2d 627, 641 (D.N.J. 2002). Elsewhere in the Fourth Circuit, the Middle District of North Carolina allowed an institutional investor to be named lead plaintiff even though it was contemporaneously serving as lead or co-lead plaintiff on numerous pending litigation matters. In re Cree, Inc., Sec. Litig., 219 F.R.D. 369, 372 (M.D.N.C. 2003).

In this case, the court need not resolve the disputed nature of whether institutional investors are or *are not* subject to the "five-in-three" restriction as professional plaintiffs. Finding that ARTS' financial losses of $5,470,011 dwarf those alleged by CBRS, the court utilizes its discretion consistent with 15 U.S.C. § 78u–4 to appoint ARTS as lead plaintiff. Specifically, the statute allows the court to permit the appointment of a lead plaintiff notwithstanding any professional plaintiff limitation. 15 U.S.C. § 78u–4(a)(3)(B)(vi) ("Except as the court may otherwise permit, consistent with the purposes of this section...."). As such, the court will not reach a determination on the professional plaintiff bar to make this determination and appoint ARTS as lead plaintiff here.

### ORDER

IT IS, THEREFORE, ORDERED that that the Motion of the Arkansas Teacher Retirement System (# 10) is **GRANTED**—and the Motion of the City of Birmingham Retirement and Relief System

(# 7) is **DENIED**—as to the appointment of lead plaintiff and the selection of counsel. For the reasons noted above, the court will **APPOINT** the Arkansas Teacher Retirement System as lead plaintiff and **APPROVES** its selection of counsel. Kaplan Fox is hereby **APPOINTED** Lead Counsel and Blue LLP as Liaison Counsel for the Class.

Lead counsel is directed to file any consolidated amended complaint within thirty days of this Order.